IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | In Proceedings |
| | Under Chapter 11 |
| HERRIN CLINIC LTD., | |
| Debtor. | Case No. 10-40189 |

_____

| | |
|---|---|
| IN RE: | In Proceedings |
| | Under Chapter 11 |
| SHAHRIAR S. BOZORGZADEH, | |
| KELLY L. EVANS, | |
| Debtors. | Case No. 10-40190 |

_____

OPINION

The above-captioned small business chapter 11 cases were filed on February 11, 2010, primarily as the result of a state court judgment of $920,403.26 entered in favor of Javier Muniz ("Muniz") and against debtors, Herrin Clinic Ltd. ("Herrin"), Shahriar S. Bozorgzadeh, and Kelly L. Evans, (jointly, "individual debtors"), and Herrin Medical Clinic, Ltd. (HMC), a dissolved medical practice in which the individual debtors and Muniz had practiced together at one time.[1]  Herrin and the individual debtors have appealed the judgment issued in the state court. With the result of the pending appeal having a determinative impact on the formulation of a plan of reorganization, Herrin and the individual debtors have obtained two extensions of time, until after the appellate mandate issues, to file a disclosure statement and plan of reorganization and to confirm a plan of reorganization. Since the cases were filed in early 2010, there has been little activity that was significant or contested. As a result, the cases are best characterized as

---

[1] Herrin is a medical practice that has been operated by the individual debtors since the dissolution of HMC.

1

placeholders, offering chapter 11 protections to Herrin and the individual debtors while they await the decision of the appellate court.

On March 2, 2011, William S. Hackney and the law firm of SmithAmundsen LLC (SA), counsel of record for the debtors in both of the instant bankruptcy cases, filed an amended application in each case seeking interim attorney fees and reimbursement of expenses for the time period from February 11, 2010 through January 31, 2011. In the Herrin case, SA is seeking interim compensation of $77,377.50 and expenses of $5,765.66. In the individual debtors' case, SA is seeking interim compensation of $71,051.50 and expenses of $5,792.40. The amounts sought have been challenged by the United States Trustee and by Herrin Security Bank pursuant to 11 U.S.C. § 330(a)(1) on the basis that some of the fees and expenses are not reasonable in amount, are duplicative between the two bankruptcy estates, and/or have not benefited the bankruptcy estates. After conducting a thorough examination of the applications, the objections and the bankruptcy case records of both cases, the Court finds that the attorney fees and expenses should be reduced as set forth below. Where reductions are made, the Court has determined that the attorney fees are excessive given the routine nature of the tasks at hand, the fact that most matters were uncontested, and/or the ability to duplicate efforts between the two cases. The Court has also found that certain tasks were not of benefit to the bankruptcy estates.[2]

---

[2] A charge in Tab H of the Herrin case of $833.00, for 3.40 hours spent drafting a motion to pay adequate assurance payments to utility companies, is not allowed because the motion does not appear to have been filed in either case. Travel to East St. Louis for a hearing on May 11, 2010, was unwarranted since the matters on the docket that day had been resolved with the leasing company (rejection of its lease) or were conducive to being handled by written motion requesting additional time to provide documentation to the United States Trustee (application to employ SA). Travel expenses related to this trip total $335.40 in the Herrin case and $335.40 in the individual debtors' case. Counsel's time spent in travel was billed only in the Herrin case and amounted to 8.00 hours billed in Tab A and 4.40 hours billed in Tab I.

While cautioning SA about the injudicious use of Federal Express, the Court does not find a need, at this time, to reduce the amount of out-of-pocket expenses for Federal Express charges for which SA may be reimbursed. In addition, the Court holds that counsel's time spent in travel should be compensated at counsel's full hourly rate.

**Case Administration (Tab A):** This category is described as a general "catch all" category, which includes drafting the petition, lists of creditors, schedules and "first day" motions, engaging in communications with Herrin and the individual debtors in regard to automatic stay issues, pending litigation, cash collateral issues and debtor responsibilities. In the Herrin case, this category also includes issues with the post-petition freezing of the debtor's bank accounts, attending the 341 meeting of creditors, reviewing and preparing compliance documents for the Office of the United States Trustee, dealing with a number of the debtor's creditors, and certain time spent in travel to hearings as described in note 2, *supra*.

The Court finds the motions and other documents to be well drafted but repetitive. Considering that the majority of the issues were uncontested, it appears to the Court that debtors' counsel was over-preparing for a battle with no foe.

Herrin:  The amount billed is reduced from $17,801.75 to $12,411.75.

Individual Debtors:  The amount billed is reduced from $13,514.25 to $12,056.50.

**Plan and Disclosure Statement (Tab B):** This category includes researching and drafting an unopposed motion to extend the exclusive period to file a plan for the small business chapter 11 debtors.

Herrin:  The amount billed is reduced from $1,534.00 to $1,054.00.

Individual Debtors:  The amount billed is reduced from $1,029.50 to $549.50.

**Creditors and Claims (Tab C):** This category includes preparation for and attendance at a 2004 examination of Herrin's principal and of the individual debtors. In the individual case, it also includes the resolution of two motions to modify the automatic stay.

Herrin: The $294.00 billed is allowed.

Individual Debtors: The amount billed is reduced from $1,617.00 to $1,127.00.

**Retention of Professionals (Tab D):** This category includes preparing and filing applications for the employment of SA as counsel for Herrin and the individual debtors, applications for the employment of an accountant in both cases, and an application to employ real estate brokers for the individual debtors' case.

Considerable time was devoted to issues raised concerning whether SA had received any payments of compensation that constituted preferences. This pre-petition compensation issue should have been reviewed and analyzed prior to filing. For the most part, this was a bookkeeping function that should have been simple to review and address.

Herrin: The amount billed is reduced from $7,946.50 to $4,271.50.

Individual Debtors: The amount billed is reduced from $10,572.00 to $4,900.00.

**Petition, Schedules and Statement of Financial Affairs (Tab E):** This category includes preparing and filing the referenced documents.

Herrin: The $2,793.00 billed is allowed.

Individual Debtors: The $2,425.50 billed is allowed.

**"First Day" Matters (Tab F):** This category includes drafting, preparing for and presenting in each case a motion for joint administration of the two cases, a motion to maintain existing bank accounts and to use existing forms, a motion authorizing the payment of pre-petition wages and salaries, a motion for authority to use cash collateral, and a motion for

authority to extend the time frames to file schedules.  The time spent also includes drafting and submitting proposed orders, and discussions relating to their submission with the Court and the United States Trustee's office.  The "First Day" motions were routine, repetitive and unopposed. Similar motions were filed in both cases.

    Herrin:  The amount billed is reduced from $8,281.00 to $4,361.00.

    Individual Debtors:  The amount billed is reduced from $5,953.50 to $4,189.50.

    **Financing (Tab G):**  This category includes negotiating a cash collateral agreement with the largest secured creditor, resulting in a final cash collateral order in both cases.

    Herrin:  The $1,641.50 billed is allowed.

    Individual Debtors:  The $710.50 billed is allowed.

    **Operations (Tab H):**  This category includes general conversations with Herrin's personnel and with the individual debtors regarding their duties and obligations while in chapter 11, conversations with the Office of the United States Trustee regarding compliance with Trustee requirements, conversations with third-parties regarding the respective chapter 11 cases and their implications, and conversations with the creditors of both estates about the status of the respective chapter 11 cases.  This category also includes the motion that was not filed that is described in note 2, *supra*.

    Herrin:  The amount billed is reduced from $5,733.00 to $4,900.00.

    Individual Debtors:  The $3,626.00 billed is allowed.

    **Unexpired Leases and Executory Contracts (Tab I in Herrin Case):**  This category includes evaluating the debtor's need to assume or reject its unexpired leases and then drafting, preparing and presenting an unopposed motion to assume the lease for the space out of which it

operates and an unopposed motion to reject an unnecessary lease for a piece of equipment. *See supra* note 2.

Herrin:  The amount billed is reduced from $3,724.00 to $1,372.00.

**Liquidation of Assets (Tab I in Individual Debtors' Case):**   This category includes reviewing mortgage documents in regard to the debtors' real estate to be liquidated and conversing with Banterra Bank's counsel regarding the plan for certain parcels of real estate.

Individual Debtors:  The $465.50 billed is allowed.

**General Litigation and Appeal (Tab J):**   This category includes services related to general litigation and the ongoing Muniz appeal which affects both bankruptcy cases.  SA also spent time in this category addressing and answering Dr. Muniz' dischargeability complaints filed in the respective bankruptcy cases. This category also encompasses the Herrin's successful efforts to have Muniz' dischargeability complaint against it dismissed.

Herrin:  The $24,517.25 billed is allowed.

Individual Debtors:  The $26,472.75 billed is allowed.

**Fee Applications (Tab K):**  This category includes the preparation and presentment of SA's first application for compensation, which includes dealing with the United States Trustee and its objection to SA's fee application.

The Court finds that the content of the application does not warrant such a significant amount of time expended.

Herrin:  The amount billed is reduced from $3,111.50 to $2,324.00.

Individual Debtors:  The amount billed is reduced from $4,665.50 to $2,415.50.

**Costs Advanced (Exhibit B):**

The Court finds that travel expenses for the hearing on May 11, 2010, did not benefit the bankruptcy estates. *See* note 2, *supra*.

<u>Herrin</u>:  The amount billed is reduced from $5,765.66 to $5,430.26.

<u>Individual Debtors</u>:  The amount billed is reduced from $5,792.40 to $5,457.00.

See Order entered this date.

ENTERED: May 6, 2011

                                          /s/ Laura K. Grandy
                                  UNITED STATES BANKRUPTCY JUDGE